IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WILLIE J. BOLDER, )
)
        Plaintiff, )
)
v. ) 1:14CV628
)
PATRICK T. MERRITT JR., )
)
        Defendant. )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on a motion to dismiss by Defendant Patrick T. Merritt Jr. (Docket Entry 10.) Plaintiff Willie J. Bolder filed a response. (Docket Entry 13.) For the reasons that follow, the Court will recommend that the proceedings be stayed.

### I. Background and Plaintiff's Allegations

Plaintiff filed the Complaint on July 25, 2014 alleging that Defendant, an investigator with the Cabarrus County Police Department, carried out an unconstitutional seizure of his cell phone during the investigation of a homicide. (Complaint § V, Docket Entry 2.) Around April 29, 2014, Defendant came to Plaintiff's house to request a statement about an altercation Plaintiff had witnessed. (*Id.*) Plaintiff answered the questions and agreed to a gunshot residue test but not a lie detector test. (*Id.*) Defendant then asked for phone numbers off of Plaintiff's phone which Plaintiff gave. (*Id.*) Defendant then said "I got to take your phone" because it had been used to contact the victim earlier in the day. (*Id.*)

Plaintiff was reluctant to give Defendant the phone for a number of reasons, including the storing of personal information on it. (*Id.*) Plaintiff alleges that Defendant stated that he had no choice and had to hand over the phone. (*Id.*) Plaintiff then gave Defendant his phone. (*Id.*) When asked, Defendant would not return the phone to Plaintiff. (*Id.*) Plaintiff alleges that Defendant had no warrant for his phone. (*Id.*) Plaintiff alleges that he was charged with a crime because of a bank statement found on the phone. (*Id.* at 5) He requests that Defendant be terminated, that Plaintiff be compensated for pain and suffering, and that any evidence connected to the phone be suppressed. (*Id.*)

## II. Standard of Review

Defendant argues that dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (1999). A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.*; *see also Simmons & United Mortg. & Loan Invest.*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is *plausible* on its face.") (emphasis in original) (internal citation and quotation marks omitted). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint," but does not consider "legal

2

conclusions, elements of a cause of action, . . . bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557).

Pro se complaints are to be liberally construed in assessing sufficiency under the Federal Rules of Civil Procedure. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this liberal construction, "generosity is not fantasy," and the court is not expected to plead a plaintiff's claim for him. *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 192 (4th Cir. 1998).

### III. Discussion

The abstention doctrine of *Younger v. Harris* provides that, absent extraordinary circumstances[1], a federal court should abstain from interfering with a pending state criminal proceeding. 401 U.S. 37, 43-44 (1971). Abstention is appropriate when "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests;

---

[1] There are three exceptions to the *Younger* abstention recognized by the Supreme Court:

> where (1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury.

*Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006) (*Nivens II*) (internal quotations and citation omitted).

3

and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "[W]here the State criminal prosecution is pending, the comity concerns of *Younger v. Harris* and its progeny require abstention where granting the requested relief would require adjudication of federal constitutional issues involved in the pending state action." *Traverso v. Penn*, 874 F.2d 209, 212 (4th Cir. 1989) (citation omitted). Abstention is proper in the present case. First, it is apparent here that the allegations in the Complaint involve an ongoing state criminal proceeding. Plaintiff seeks suppression of evidence related to an alleged unlawful seizure of a cell phone during a homicide investigation. (*See* Compl. § VI, Docket Entry 2; Pl.'s Resp. Br at 1, Docket Entry 7.)² "Second, North Carolina has a very important, substantial, and vital interest in preventing violations of its criminal laws." *Nivens v. Gilchrist*, 319 F.3d 151, 154 (4th Cir. 2003) (*Nivens I*). Third, "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Gilliam v. Foster*, 75 F.3d 881, 904 (4th Cir. 1996) (internal quotation omitted). Moreover, no basis exists to suggest that a *Younger* exception is applicable here. Therefore, this Court should abstain from further proceedings during the pendency of Plaintiff's criminal matter.

---

² Plaintiff does not argue, nor does the record reflect, that the state criminal proceedings have ended. Moreover, according to the Cabarrus County Jail, Plaintiff is awaiting trial for his murder charge. *See* Inmate Detail, http://onlineservices.cabarruscounty.us/p2c/InmateDetail.aspx?navid=635672066713041084 (last visited May 14, 2015).

In his motion, Defendant seeks complete dismissal (with prejudice) of Plaintiff's claims as a result of the pending state proceedings. However, a stay rather than dismissal is appropriate to the extent Plaintiff seeks money damages.³ *See Nivens II*, 444 F.3d at 248 ("State criminal proceedings do not . . . allow for claims of money damages by criminal defendants-such a claim is simply not available."); *Traverso*, 874 F.2d at 213 ("[T]he appropriate course is to abstain by staying proceedings on monetary as well as injunctive and declaratory claims."); *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) (holding that "the District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding."); *Suggs v. Brannon*, 804 F.2d 274, 280 (4th Cir. 1986) ("If the state criminal court rules that [a] search and seizure was unlawful, [federal plaintiff] could not recover damages in those proceedings."). While Defendant argues dismissal with prejudice is appropriate in the present case, the Court finds no reason why this case should not be stayed.⁴

## III. CONCLUSION

For the reasons stated above, abstention is proper in this matter. However, the Court should stay the matter rather than dismiss this case with prejudice. **IT IS THEREFORE RECOMMENDED** that Defendant's Motion to Dismiss (Docket Entry 10) be **GRANTED IN PART**, to the extent Defendant seeks abstention of this case based upon

---

³ Plaintiff seeks to be "compensated for [his] pain and suffering, stress and mental anguish." (Compl. § VI.)

⁴ In to his request for damages and suppression of evidence, Plaintiff wants to "press charges" and seeks termination of Defendant. (Compl. § VI, Docket Entry 2.) Plaintiff notes that the only form of appropriate relief appears to be "return of the phone and damages for its loss." (*See* Pl.'s Resp. at 1, Docket Entry 13.)

the *Younger* doctrine. **IT IS FURTHER RECOMMENDED** that this case be **STAYED** pending the resolution of the state court's criminal proceedings.

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
May 15, 2015