IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| WILLIE J. BOLDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14CV628 |
| | ) | |
| PATRICK T. MERRITT, JR., | ) | |
| | ) | |
| Defendant. | ) | |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court *sua sponte*. Plaintiff filed his Complaint on July 25, 2014, alleging that Defendant, an investigator with the Cabarrus County Police Department, carried out an unconstitutional seizure of his cell phone during the investigation of a homicide. (Complaint § V, Docket Entry 2.) On or about April 29, 2014, Defendant came to Plaintiff's house to request a statement about an altercation Plaintiff had witnessed. (*Id.*) Plaintiff answered the questions and agreed to a gunshot residue test but not a lie detector test. (*Id.*) Defendant then asked for phone numbers from Plaintiff's phone which Plaintiff gave to Defendant. (*Id.*) Defendant then said "I got to take your phone" because it had been used to contact the victim earlier in the day. (*Id.*) Plaintiff was reluctant to give Defendant the phone for a number of reasons, including the storing of personal information on it. (*Id.*) Plaintiff alleges that Defendant stated that Plaintiff had no choice and had to hand over the phone. (*Id.*) Plaintiff then gave Defendant his phone. (*Id.*) When asked, Defendant would not return the phone to Plaintiff. (*Id.*) Plaintiff alleges that Defendant had no warrant for his phone. (*Id.*) Plaintiff alleges that he was charged with a crime because of a bank statement found on

the phone. (*Id.* at 5) He requests that Defendant be terminated, that Plaintiff be compensated for pain and suffering, and that any evidence connected to the phone be suppressed. (*Id.*)

On November 14, 2014, Defendant moved to dismiss this action for failure to state a claim. (Docket Entry 10.) The undersigned entered a Recommendation that Defendant's motion be granted in part, and this action be stayed pending the resolution of Plaintiff's state court criminal proceedings. (Docket Entry 15.) The court thereafter adopted the Recommendation (Docket Entry 17), and this action was stayed. In February 2016, both parties submitted status reports to the court indicating that Plaintiff had been found guilty of first degree murder by jury verdict. (Docket Entries 18, 19.) The court then ordered the parties to inform the court as to whether Plaintiff's § 1983 action should proceed at this time in light of Plaintiff's criminal proceedings, and any implications of *Heck v. Humphrey*, 512 U.S. 477 (1994), upon this case. (Docket Entry 20.) The parties thereafter filed responses. (Docket Entries 21, 22.) Defendant asserts that *Heck* bars Plaintiff's claim. (Docket Entry 21.) However, Plaintiff contends that his case is opposite of *Heck*. (Docket Entry 22.) For the reasons stated below, the undersigned recommends that the court find that Plaintiff's claim at this time is not barred by *Heck*, and allow the case to proceed.

*Heck* generally bars § 1983 prisoner claims which would necessarily imply the invalidity of a conviction. 512 U.S. at 487-88. Specifically, the Supreme Court held that

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

2

*Id.* at 487 (emphasis in original). The Fourth Circuit has imposed two requirements for application of the *Heck* doctrine. First, judgment in the plaintiff's favor must "necessarily imply the invalidity of [a plaintiff's] conviction or sentence." *Covey v. Assessor of Ohio Cty.*, 777 F.3d 186, 197 (4th Cir. 2015) (citing *Heck*, 512 U.S. at 487.) "Second, the claim must be brought by a claimant who is either (i) currently in custody or (ii) no longer in custody because the sentence has been served, but nevertheless could have practicably sought habeas relief while in custody." *Id.* (citations omitted). Thus, "[t]hese requirements obligate a court to *closely* scrutinize the nature of the conviction at issue[.]" *Souk v. City of Mount Hope*, No. 2:14-CV-26442, 2015 WL 5698509, at *4 (S.D.W. Va. Sept. 28, 2015) (unpublished) (emphasis added). *See also Riddick v. Lott*, 202 F. App'x 615, 616 (4th Cir. 2006) (unpublished) ("The *Heck* analysis requires a close factual examination of the underlying conviction.").

Based upon the record in the present case, the court cannot at this time make a determination that Plaintiff's claim is barred by *Heck*. To the extent Plaintiff challenges an unlawful search or seizure of his cell phone, it is unclear if such search or seizure would necessarily imply the invalidity of his first degree murder conviction. Indeed, at the time the complaint was filed, there was an ongoing criminal prosecution. By jury verdict entered approximately sixteen months after the filing of this § 1983 claim, Plaintiff was found guilty of first degree murder. (*See* Docket Entries 18, 19, 19-1.) However, based upon the record before the court, it is not clear how any evidence, if any, from the alleged unlawful search, was used to secure Plaintiff's underlining state conviction. *Alipui v. Byerson*, 638 F. App'x 214, 216 (4th Cir. 2016) (unpublished) ("Because it is not clear that the evidence seized during [plaintiff's] arrest on state . . . theft charges was used to secure his federal convictions for bank

fraud and aggravated identity theft, success on his search and seizure claims would not necessarily imply that his federal convictions were invalid."); *Souk*, 2015 WL 5698509, at *4 ("[C]onstitutional claims founded upon illegal search and warrantless arrest are not of the type that always *necessarily* implicate the validity of a conviction.") (emphasis in original); *Covey*, 777 F.3d at 197 ("A valid conviction can still result after an improper search when doctrines such as independent source, inevitable discovery, or harmless error would alleviate the effect of the improper search."). Upon further proceedings in this matter, at the summary judgment stage for example, the court can make a determination as to whether *Heck* bars Plaintiff's claim against Defendant.

For the reasons stated above, **IT IS HEREBY RECOMMENDED** that Plaintiff's claim not be dismissed at this time pursuant to *Heck*, and further proceedings commence in this matter.

_____<br>
Joe L. Webster<br>
United States Magistrate Judge

September 2, 2016
Durham, North Carolina